# United States District Court

### NORTHERN DISTRICT OF TEXAS
#### DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY WILSON | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2003-S |
| | § | |
| | § | |
| CITY OF ROWLETT | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant City of Rowlett's ("Defendant" or "City") Motion to Dismiss [ECF No. 8]. For the reasons set forth below, the Motion is granted in part and denied in part.

## I. BACKGROUND

Beginning on September 21, 2015, Plaintiff Kimberly Wilson ("Plaintiff") was employed by the City as its Chief Financial Officer ("CFO"). Compl. ¶ 3.1. She worked under the guidance of City Manager Brian Funderburk. *Id.* As CFO, Plaintiff uncovered discrepancies in the City's fiscal budget. *Id.* ¶ 3.2. Plaintiff alleges that the errors were often caused by Funderburk and that he "became frustrated and angry" as she continued to point out the discrepancies she found. *Id.* Plaintiff contends that Funderburk asked her to "'cover up' or delay informing the City Council about these glaring errors." *Id.*

According to Plaintiff, she reported the following violations to Funderburk and, on occasion, to the Assistant City Manager, City Attorney, and Human Resources: (1) miscalculation of property tax collections; (2) provision of inaccurate information regarding the senior tax freeze in a budget memo and a council workshop; (3) failure to present excessive cell service contracts to the City Council for approval; (4) attempted cover-up of a $300,000 error in the permitting

revenue budget for fiscal year 2017; (5) overpayment for private placement bonds; (6) construction of a radio tower on the wrong land and concealment of the error; and (7) appointment of Chief Judge Pam Liston at a salary well above what judges normally earn in small and medium-sized cities. *Id.* ¶ 3.3 Plaintiff contends that this conduct violated City policy and other laws. *Id.* ¶ 3.4.

Plaintiff also alleges that she was subjected to and reported sexual harassment. *Id.* ¶ 3.8. According to Plaintiff, Police Chief Mike Brodnax "often talked about sex around [Plaintiff], with the entire executive team as witnesses, including describing his sexual preferences and being naked at home." *Id.* Plaintiff states that she often asked Brodnax to stop, but he did not stop. *Id.* Plaintiff alleges that, at a council meeting, she and Brodnax were trying to determine a woman's identity. *Id.* According to Plaintiff, Brodnax said, "Well I don't know who she is but she sure does have a nice ass." *Id.* Plaintiff complained to Funderburk, but she alleges that Funderburk told her she was being anti-public safety. *Id.*

On September 13, 2017, Defendant terminated Plaintiff. *Id.* ¶ 3.9. Plaintiff alleges that Defendant terminated her "in proximate time to her complaints about" violations of law and policy and sexual harassment. *Id.* Defendant offered Plaintiff a Separation Agreement and told her that a refusal to sign it would not result in an involuntary termination. *Id.* However, Plaintiff did not sign the Separation Agreement and retained an attorney, and Defendant listed the reason for Plaintiff's termination as "Involuntary" for "Misconduct." *Id.* Plaintiff lists five male employees who were permitted to resign or retire, making them eligible for rehire. *Id.* ¶ 3.10. According to Plaintiff, she and another female employee are the only two employees to ever be terminated for misconduct. *Id.* ¶ 3.12.

Plaintiff contends that she was retaliated against even after being terminated. *Id.* ¶ 3.11. After her termination, Plaintiff secured a seat in the Leadership Rowlett class through the Rowlett

Chamber of Commerce. *Id.* The day after the first meeting, Plaintiff received a call from the president of the Chamber of Commerce pulling her application and excusing her from the class. *Id.* He allegedly "stated that he had received feedback from different sources that he could not disclose and after discussing the situation with the leadership committee determined, 'this was best.'" *Id.* Plaintiff contends that she "was subsequently informed by a witness" that Funderburk went to the Chamber of Commerce and told them to pull her application. *Id.* ¶ 3.12.

Based on the foregoing allegations, Plaintiff asserts three causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"): (1) sexual harassment and sexually hostile work environment, (2) retaliation, and (3) gender discrimination. She also asserts two causes of action under Chapter 21 of the Texas Labor Code ("Chapter 21"): (1) sexual harassment and sexually hostile work environment and (2) retaliation.[1] Finally, she brings a cause of action for a violation of the Texas Whistleblower Protection Act. Defendant moves to dismiss all of Plaintiff's causes of action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    RULE 12(b)(6)

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted

---

[1] Because the law governing claims under Chapter 21 and Title VII is identical, the Court will refer only to Title VII throughout its analysis. However, the Court's findings apply to Plaintiff's Chapter 21 claims as well. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999).

3

unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).[2]

## III. ANALYSIS

### A. *Sexual Harassment and Sexually Hostile Work Environment (Title VII and Chapter 21)*

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). There are two types of sexual harassment cases: quid pro quo and hostile work environment. "Cases based on

---

[2] The Court notes that many of the cases cited by Defendant in its Motion relate to summary judgments. A case involving a summary judgment motion is not authority for dealing with a Rule 12(b)(6) motion unless the case specifically states or holds that a party has failed to allege, assert, or set forth sufficient facts to state a claim upon which relief can be granted.

threats which are carried out are referred to often as *quid pro quo* cases, as distinct from bothersome attentions or sexual remarks that are sufficiently severe or pervasive to create a hostile work environment." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751 (1998). To establish a quid pro quo claim, "a plaintiff must show (1) that she suffered a tangible employment action; and (2) that the tangible employment action resulted from the acceptance or rejection of a supervisor's sexual advances." *Higgins v. Lufkin Indus., Inc.*, 633 F. App'x 229, 232 (5th Cir. 2015) (citation omitted). On the face of the Complaint, Plaintiff does not appear to be pursuing a quid pro quo claim. However, Plaintiff's Response includes a discussion of tangible employment actions and Brodnax's status as Plaintiff's supervisor. *See* Resp. 5. To the extent Plaintiff intends to pursue a quid pro claim, the Court grants Defendant's Motion to Dismiss as to that claim.

To establish a hostile work environment claim, a plaintiff must show that: "(1) she is [a] member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a 'term, condition, or privilege' of [the plaintiff's] employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) (quoting *Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)). "[E]mployees bringing a Title VII sexual harassment case alleging that a supervisor with immediate (or successively higher) authority over the employee harassed the employee need only satisfy the first four elements of [this] test . . . ." *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).

Defendant does not dispute the first three elements. With respect to the fourth element, Defendant argues that Plaintiff has not adequately pleaded that she was subjected to conduct that affected a term, condition, or privilege of her employment. As to the fifth element, Defendant

contends that Plaintiff failed to plead facts to establish that the City knew or should have known about the alleged harassment.

At this stage, the Court finds that Plaintiff has adequately pleaded that the alleged harassment affected a term, condition, or privilege of her employment. Defendant cites cases involving summary judgment motions in support of its argument that the complained-of behavior was, at most, "boorish and offensive." Mot. to Dismiss 8. At the motion to dismiss stage, however, the Court "accept[s] well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Sonnier*, 509 F.3d at 675. Applying this standard, the Court finds that Plaintiff has adequately pleaded that the harassment affected a term, condition, or privilege of her employment and denies Defendant's Motion to Dismiss on this ground.

The Court also finds that Plaintiff has adequately pleaded either that the alleged harasser was her supervisor or that her employer knew or should have known of the harassment and failed to take prompt remedial action. Plaintiff contends that Brodnax, as Police Chief, "is an employee of Defendant with higher authority over Plaintiff."[3] Resp. 6. Even if Brodnax was not Plaintiff's supervisor, however, Plaintiff has adequately alleged that the City knew or should have known of the alleged harassment. She states several times that she reported the alleged harassment to the City Manager and Human Resources, and she alleges that Defendant did not take prompt remedial action. *See* Compl. ¶¶ 3.8, 4.12-4.13. Therefore, the Court denies Defendant's Motion to Dismiss on this ground.

Defendant also argues that Plaintiff's sexual harassment claims fail because she failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")

---

[3] In its Reply, Defendant contends for the first time that it has an affirmative defense to vicarious liability. *See* Reply 4. Because this defense does not "appear[] clearly on the face of the pleadings," the Court declines to dismiss Plaintiff's sexual harassment claims on this basis. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

within 300 days of the alleged harassment. *See Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) ("A claimant must file a Title VII discrimination claim with the EEOC within 300 days of the challenged discrimination."); *see also Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004) ("[H]ostile environment claims 'will not be time barred so long as all acts which constitute the claim are part of the same unlawful practice and at least one act falls within the time period.'" (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002))). Plaintiff contends that the sexual harassment continued until her termination on September 13, 2017. Compl. ¶ 4.3. Plaintiff filed her EEOC charge on February 1, 2018—141 days later. Resp. 12. At this stage, the Court accepts Plaintiff's contentions as true and finds that she timely filed a charge with the EEOC.

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss as to Plaintiff's hostile work environment claims. The Court grants Defendant's Motion to Dismiss as to Plaintiff's quid pro quo sexual harassment claims but grants Plaintiff's request to replead.

### B.    *Retaliation (Title VII and Chapter 21)*

To assert a claim of retaliation under Title VII, a plaintiff must show that: (1) she engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there is a causal connection between the protected activity and the adverse employment action. *Brazoria Cty. v. EEOC*, 391 F.3d 685, 692 (5th Cir. 2004).

As to the first element, an employee has engaged in protected activity when she has either "opposed any practice made an unlawful employment practice" by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. 42 U.S.C. § 2000e-3(a). The Court finds that, at this stage, Plaintiff has pleaded sufficient facts to render it plausible that she engaged in protected activity. Further, Plaintiff has adequately pleaded that Defendant took one or more actions against her that would "dissuade a

reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). And, Plaintiff has sufficiently alleged that there is a causal connection between the protected activity and the adverse action. Therefore, the Court denies Defendant's Motion to Dismiss as to Plaintiff's Chapter 21 and Title VII retaliation claims.

### C.    *Gender Discrimination (Title VII)*

To establish a prima facie case of gender discrimination under Title VII, a plaintiff must show that: "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) others similarly situated were more favorably treated." *Rutherford v. Harris Cty.*, 197 F.3d 173, 184 (5th Cir. 1999) (citing *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998)). At the motion to dismiss stage, the plaintiff does not have to submit evidence to establish a prima facie case, but she must plead sufficient facts on all of the ultimate elements of a gender discrimination claim to make her case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

Defendant only attacks the final element of Plaintiff's prima facie case. Defendant contends that Plaintiff failed to plead that similarly situated males were treated more favorably than Plaintiff. The Court disagrees. Plaintiff alleges that she and another female were the only employees ever terminated for misconduct. Compl. ¶ 3.12. She also lists five similarly situated males who were allowed to resign or retire, meaning they, unlike Plaintiff, were eligible for rehire. *Id.* ¶ 3.10. Thus, the Court finds that Plaintiff has pleaded sufficient facts to make her claim plausible and denies Defendant's Motion to Dismiss as to Plaintiff's gender discrimination claim.

### D.    *Texas Whistleblower Act*

The Texas Whistleblower Act prohibits governmental entities from suspending, terminating, or taking other adverse personnel actions against "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a). "The limitations period to sue under the Whistleblower Act is ninety days after the alleged violation occurred or was discovered by the employee." *Jackson v. Univ. of Tex. Health Sci. Ctr. Police Dep't*, No. 04-03-00553-CV, 2004 WL 572330, at *2 (Tex. App.—San Antonio Mar. 24, 2004, no pet.) (citing TEX. GOV'T CODE ANN. § 554.005). If the employer has a grievance or appeal procedure, however, the employee must initiate action under the employer's grievance or appeal procedures. TEX. GOV'T CODE ANN. § 554.006(a). "Time used by the employee in acting under the grievance or appeal procedure is excluded" from the 90-day period. *Id.* § 554.006(c).

"It is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [herself] out of court." *Funches v. City of Dallas*, No. Civ. A. 3:99-CV-0224-D, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999); *see also Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

Here, Plaintiff has pleaded herself out of court. As mentioned above, a plaintiff alleging a violation of the Whistleblower Act must show, inter alia, that her employer suspended, terminated, or took some other adverse personnel action against her. TEX. GOV'T CODE ANN. § 554.002(a). A personnel action is "an action that affects a public employee's compensation, promotion, demotion, transfer, work assignment, or performance evaluation." TEX. GOV'T CODE ANN. §

554.001(3). The last adverse personnel action Plaintiff alleges in connection with her Whistleblower Act claim is her September 13, 2017, termination, which occurred approximately 323 days before she filed suit on August 1, 2018. Compl. ¶ 4.104. Plaintiff's allegations about her dismissal from the Leadership Rowlett class do not render her claims timely. Because Plaintiff has not pleaded that her post-termination dismissal from the class affected her compensation, promotion, demotion, transfer, work assignment, or performance evaluation, such dismissal does not constitute a personnel action.

Based on Plaintiff's current pleadings, she would have been required to file suit in December 2017, 90 days after her termination. Plaintiff did not file suit until August 1, 2018, so the face of her Complaint establishes Defendant's limitations defense. Thus, the Court grants Defendant's Motion to Dismiss as to Plaintiff's Whistleblower Act claim. However, because Plaintiff contends in her Response that she can "amend the Pleadings to detail what adverse actions occurred in 2018 and/or were discovered in 2018 relating to the Whistleblower [Act] claims," the Court will permit her to replead. Resp. 21-22.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss as to Plaintiff's Title VII and Chapter 21 hostile work environment sexual harassment claims, Title VII and Chapter 21 retaliation claims, and Title VII gender discrimination claim. The Court grants Defendant's Motion to Dismiss as to Plaintiff's Title VII and Chapter 21 quid pro quo sexual harassment claims and Texas Whistleblower Act claim and dismisses those claims without prejudice. The Court grants Plaintiff's request for leave to amend. Plaintiff must file an amended complaint no later than April 1, 2019.

**SO ORDERED.**

SIGNED March __4__, 2019.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**